## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

IN RE RUTH MERCADO,

    Debtor,

Bankruptcy Case Number
19-82310-CRJ-13

RUTH MERCADO,

    Plaintiff,

Adversary Proceeding No.

v.

SN SERVICING CORPORATION,
US BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF THE
IGLOO SERIERS IV TRUST, and NATIONSTAR
MORTGAGE LLC D/B/A MR. COOPER

    Defendants.

### COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Ruth Mercado ("Mercado"), makes the following allegations in her complaint against the defendants, SN Servicing Corporation ("Servicing"), US Bank Trust National Association as Trustee of the Igloo Series IV Trust ("US Bank"), and Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar").

### Parties, Jurisdiction, and Nature of Action

1.    Mercado is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on August 5, 2019. Servicing is a corporation organized and existing under the laws of the State of Alaska. US Bank is a corporation organized and existing under the laws of the State of Delaware. Nationstar is a corporation organized and existing under the laws of the State of Delaware. At all times material to this complaint, Servicing, US Bank, and Nationstar regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Mercado did business with one or more of the defendants within this district and division, and it is these business transactions that give rise to this litigation.

2. Mr. Cooper is listed as a creditor in the schedules filed by Mercado.

3. Despite having both notice and actual knowledge of the commencement of Mercado's case, and filing a transfer of claim for Mercado's mortgage debt, Servicing and US Bank sent a mortgage statement attempting to collect on a pre-petition debt that was transferred to US Bank from Nationstar on 02/10/2020.

4. Mercado brings this action to recover actual damages sustained as a result of the defendants' willful violation(s) of the automatic stay in this case and to recover punitive damages from the defendants for their violation(s) of the stay.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Mercado's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Mercado and the defendants. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Mercado incorporates by reference the allegations in paragraphs one through five of this complaint.

7. Mercado specifically alleges an agency relationship exists between Servicing and US Bank.

8. The schedules filed by Mercado upon the commencement of this bankruptcy case listed Mr. Cooper as a creditor.

9. Nationstar filed Proof of Claim number 3 in Mercado's bankruptcy case on 09/16/2019. Proof of Claim number 3 was filed for a recorded mortgage for real property located at 2020 Stanford Drive, Huntsville, AL 35801. The total pre-petition arrearage as of the date of the petition is listed as $21,218.72.

10. As a result of Mr. Cooper being listed as a creditor in Mercado's schedules, and Nationstar filing Proof of Claim number 3, Nationstar had both notice and actual knowledge of both the commencement of and all the proceedings in Mercado's bankruptcy case.

11. As a result of US Bank filing a transfer of claim on February 10, 2020, US Bank and Servicing had both notice and actual knowledge of both the commencement of and all the proceedings in Mercado's bankruptcy case.

12. Pursuant to 11 U.S.C. §362 of the Bankruptcy Code, the commencement of Mercado's bankruptcy case gave rise to the automatic stay which, among other things, prohibited the named defendants from attempting to collect a prepetition debt from Mercado or from attempting to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

13. Despite the imposition of the automatic stay by the commencement of this case, and having both notice and actual knowledge of the commencement of this case, and despite filing a transfer of claim by US Bank in February, Servicing sent, on behalf of US Bank, a mortgage statement to Mercado dated 4/8/2020. The mortgage statement lists Mercado's account number, a post-petition due date of 5/1/2020, and a post-petition amount due of $24,099.30. Under the heading Explanation of Amount Due (Post-Petition Payment), the statement lists unpaid dates of 12/1/2017, 1/1/2018 – 4/1/2020, and 5/1/2020. Given that Ms. Mercado filed her bankruptcy case on 8/5/2019, this is clearly false information and an attempt to collect a pre-petition debt. The mortgage statement sent by Servicing and US Bank is a coercive, direct, and blatant violation of 11 U.S.C. §362. Servicing and US Bank made a "business decision" that it was more profitable to violate the Stay than to adhere to it. This communication is not informational only. Quite to the contrary, it overtly demands payment and has the effect of coercing payment. Debtor's counsel argues this is a serious departure from the automatic stay and that this honorable court should consider the imposition of coercive sanctions to dissuade the defendants from engaging in such conduct in the future.

14. Mercado was so confused and upset over this overt attempt to collect a debt that she immediately telephoned her counsel and brought the offending correspondence to his attention. She does not understand what payments she needs to make. The debtor is in fear of losing her home.

15. Servicing, US Bank, and/or Nationstar have also likely misapplied the debtor's payments to satisfy a prepetition debt. Mercado included $21,218.72 of prepetition mortgage arrearage in her bankruptcy plan. Mercado has made mortgage payments since filing for bankruptcy. She is distraught over the large payment amount due provided by Servicing and US Bank. The defendants clearly have little to no communication and are not properly reviewing the payment history on their debts.

16. The actions of Servicing, US Bank, and Nationstar violate 11 U.S.C § 362 as set forth in this complaint.

17. Mercado has sustained, and continues to sustain, injury and damage as a result of the defendants' willful violation(s) of the automatic stay.

18. The defendants' actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

19. Under 11 U.S.C. §362(k)(1), Mercado is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the defendants for their willful, uncaring, and intentional violation(s) of the automatic stay.

**WHEREFORE**, Mercado asks this court to enter an order:

(A) Awarding Mercado compensatory damages against Servicing, US Bank, and Nationstar, including the reasonable attorney's fees and costs incurred by Mercado in the preparation and prosecution of this adversary proceeding;

(B) Awarding Mercado damages, including damages for emotional distress against Servicing, US Bank, and Nationstar. This award should also include reasonable attorney's fees and costs;

(C) Awarding Mercado punitive damages against Servicing, US Bank, and Nationstar for their willful violation(s) of the automatic stay, such damages being intended to instill in the defendants and other creditors due respect for this court and its orders and to deter them from taking similar action against Mercado and similarly situated debtors in the future;

(D) Voiding the mortgage debt owed by Mercado to Servicing and US Bank in its entirety; and

(E) Granting Mercado any additional or different relief this court deems appropriate.

Dated: 04/21/2020	Respectfully submitted

/s/ John C. Larsen
John C. Larsen
Attorney for the debtor/plaintiff,
Ruth Mercado

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com