# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE RUTH MERCADO

       Debtor.

Case No. 19-82310-CRJ-13
Chapter 13

RUTH MERCADO,

       Plaintiff,

Adv. Proc. No. 20-80059-CRJ

v.

SN SERVICING CORPORATION,
U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF THE
IGLOO SERIES IV TRUST, and NATIONSTAR
MORTGAGE LLC D/B/A MR. COOPER,

       Defendants.

_____/

## DEFENDANT NATIONSTAR'S MOTION TO DISMISS

Debtor's complaint fails to state a claim against defendant Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) upon which relief may be granted. Debtor claims two defendants—not Nationstar—issued a mortgage statement post-petition. This conduct is not attributed to Nationstar. Debtor's allegations one or more of the defendants "likely" applied post-petition payments to pre-petition debt is conclusory and speculative, warranting dismissal. Her factual allegations are inconsistent with this conclusion. Nationstar requests the court dismiss the complaint pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

## I. BACKGROUND

Debtor Ruth Mercado filed her petition for bankruptcy on August 5, 2019. (Compl. ¶ 1). Nationstar was the servicer of her mortgage loan when she filed her petition. Nationstar filed a proof of claim. (Compl. ¶ 9). The servicing of the loan subsequently was transferred to defendant SN Servicing Corporation (**Servicing**). Debtor avers Nationstar transferred the debt to U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust (**U.S. Bank**) post-petition, and U.S. Bank filed a transfer of the claim on February 10, 2020. (Compl. ¶¶ 3, 11).

Debtor avers Servicing and U.S. Bank violated the automatic stay by sending a post-petition mortgage statement to debtor dated April 8, 2020. (Compl. ¶ 13). Notably, this is after Nationstar ceased servicing her loan. Debtor does not allege Nationstar had any involvement in sending that statement. Any claims based on the statement are inapplicable to Nationstar.

Debtor also avers "Servicing, U.S. Bank, and/or Nationstar" may have misapplied her payments to satisfy a pre-petition debt. She jumps to this conclusion by comparing the amounts of the pre-petition arrearage she set forth in bankruptcy petition on August 5, 2019 of $21,219, with the amounts set forth in Servicing's April 2020 mortgage statement of $24,099. (Compl. ¶ 15). She concludes actions of all defendants violate 11 U.S.C. § 362.

## II. LEGAL ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure, applicable to adversary proceedings in bankruptcy, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8; Bankr. R. Civ. P. 7008. A complaint must contain "sufficient factual matter" that, taken as true, "state a claim for relief is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d

868 (2009). Conclusory allegations "are disregarded for purposes of determining whether a plaintiff is entitled to survive a motion to dismiss." *SCP Tuscaloosa, LLC. v. University House Tuscaloosa, LLC,* 7:17-cv-00228-LSC, 2018 WL 1640018 at *2 (ND AL 2018) (*citing Iqbal*, 556 U.S. at 678.) The facts alleged in the complaint need not be detailed but must "raise a right to relief above the speculative level." *Id., (quoting Bell Atl. Corp.. v. Twombly*, 550 U.S. 544, 555 (2007)).

Debtor makes no claim against Nationstar based on the mortgage statements. Her sole claim against Nationstar is that one or more of the defendants "likely" misapplied payments to satisfy a pre-petition debt. This statement is conclusory and speculative. There are no facts alleged to support this conclusion. Her factual allegations show the opposite. The amount of the mortgage debt has increased since the filing of the petition. If her voluntary post-petition mortgage payments were used to pay pre-petition debt, her arrearages would have decreased, not increased.

### III. CONCLUSION

Debtor's allegations as to post-petition attempts to collect a debt are not directed towards Nationstar. Her allegations one or more of the defendants "likely" misapplied her mortgage payments to satisfy her pre-petition mortgage debt is conclusory. It does not rise above the speculative level. Debtor fails to state a claim upon which relief may be granted.

WHEREFORE, Nationstar requests the court dismiss debtor's complaint against Nationstar.

Respectfully submitted,

/s/ Enslen Crowe
Enslen Crowe (CRO-98) *ec*
Attorney for Nationstar Mortgage, LLC

Attorney for Creditor
Enslen Crowe
Tiffany & Bosco, P.A.

2311 Highland Avenue South, Suite 330
Birmingham, Alabama 35205
Telephone: 205-918-5013
elc@tblaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by U.S. Mail, and properly addressed and filed via CM/ECF which will serve notice on all parties, on this 4th day of June, 2020, as follows:

    John C. Larsen
Larsen Law, P.C.
1733 Winchester Rd
Huntsville, AL 35811
john@larsenlaw.com

Amanda Beckett
Rubin Lublin, LLC
200 Clinton Avenue
Suite 406
Huntsville, AL 35801
abeckett@rubinlublin.com

Ruth Mercado
2020 Stanford Drive
Huntsville, AL 35801

/s/ Enslen Crowe
Attorney for Nationstar Mortgage, LLC