# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| RUTH MERCADO | Bankruptcy Case Number |
| | 19-82310-CRJ-13 |
| Debtor, | |
| | |
| RUTH MERCADO | |
| | |
| Plaintiff, | |
| | |
| v. | Adversary Proceeding No: |
| | 20-80059-CRJ |
| SN SERVICING CORPORATION, | |
| US BANK TRUST NATIONAL | |
| ASSOCIATION AS TRUSTEE OF THE | |
| IGLOO SERIES IV TRUST, and NATIONSTAR | |
| MORTGAGE LLC D/B/A MR. COOPER | |
| | |
| Defendants. | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, Ruth Mercado (the "Debtor") with SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust (together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Joint Motion to Approve Compromise, Movants show unto the court as follows.

## JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

1

3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Mercado's allegations that SN Servicing Corporation, U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust, and Nationstar Mortgage LLC d/b/a Mr. Cooper violated the automatic stay imposed by 11 U.S.C. § 362.

5. In this adversary proceeding, Mercado alleges that SN Servicing Corporation, U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust, and Nationstar Mortgage LLC d/b/a Mr. Cooper violated the Automatic Stay by contacting Mercado by letter in an attempt to collect a prepetition debt after the bankruptcy was filed.

6. SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust denies all wrongdoing as alleged in the Adversary Proceeding.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE AUTOMATIC STAY

7. "In order to avoid future violations of the automatic stay by the defendants in the servicing of loans, the servicer has implemented procedures to identify loans that are subject to the jurisdiction of the US Bankruptcy Court. These procedures will include a more extensive review of the prior servicer records when the servicing is transferred, including examination of the prior servicer billing statements, pay history and any reports that may have been issued by a third party. The servicer will perform due diligence of the records received to determine if notices were filed in the bankruptcy and perform a review of the public records. This will allow the servicer to identify loans that are involved in an active bankruptcy in a more timely manner."

## TERMS OF THE PROPOSED SETTLEMENT

8. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, Plaintiff Ruth Mercado and Defendants SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust have agreed to a pro tanto compromise and settlement of the claim on the terms and conditions set forth herein.

9. The terms of the proposed settlement are as follows:

    a. SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust shall pay to Mercado's counsel a total of $4,500.00 to settle any and all claims arising from this adversary proceeding.

    b. This amount includes all costs and fees, including but not limited to Mercado's Attorney's fee;

    c. Pursuant to 11 U.S.C. §362(k)(1), SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust shall pay to Mercado's counsel a total of $4,500.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $3,600.00 of the settlement representing 18.45 hours for the work performed in the preparation and prosecution of the adversary proceeding at an hourly rate of $350.00. Counsel has worked diligently on this case since April 20, 2020 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $6,457.50 to $3,600.00. SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust shall also pay $450.00 to the Debtor as allowed by her exemptions and $450.00 to Michele Hatcher, Chapter 13 Trustee, to be applied toward the Debtor's bankruptcy estate. Defendants are to disburse funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

**RELIEF REQUESTED**

10. The parties jointly request that this Court approve the pro tanto settlement that has been reached by Plaintiff Ruth Mercado and Defendants SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

11. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

13. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:

(a) the probability of success in the litigation;

(b) the difficulties, if any to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a

4

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

14. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

15. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of Mercado's claims and the defenses of SN Servicing Corporation and U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ John C. Larsen  
John C. Larsen  
Attorney for the Debtor/Plaintiff,  
Ruth Mercado

OF COUNSEL:  
LARSEN LAW P.C.  
1733 Winchester Road  
Huntsville, Alabama 35811  
(256) 859-3008  
john@larsenlaw.com

5

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 28th day of September, 2020.

Bret Chaness
Timothy Pittman
Amanda Beckett
Rubin Lublin, LLC
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
bchaness@rlselaw.com
abeckett@rlselaw.com
tpittman@rlselaw.com

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 28th day of September, 2020.

/s/ John C. Larsen

6

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-82310-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Sep 28 14:01:21 CDT 2020 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Amex<br>Correspondence<br>Po Box 981540<br>El Paso, TX 79998-1540 | Bank Of America<br>Nc4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 | Capital One<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Integrity Financial Partners Inc.<br>4370 W. 109th St. Ste. 100<br>Overland Park, KS 66211-1316 | McCalla Raymer Pierce, LLC<br>Two North Twentieth<br>Suite 1310<br>Birmingham, AL 35203-4021 |
| Merchants Ad<br>56 N Florida St<br>Mobile, AL 36607-3108 | Mr. Cooper<br>8950 Cypress Waters Blvd<br>Coppell, TX 75019-4620 | Nationstar Mortgage LLC d/b/a Mr. Cooper<br>Bankruptcy Department<br>P.O. Box 619096<br>Dallas, TX 75261-9096 |
| Rapid Capital Funding<br>11900 Biscayne Blvd<br>Ste 201<br>Miami, FL 33181-2756 | Servis 1st Bank<br>300 Galleria Pkwy SE<br>Ste 350<br>Atlanta, GA 30339-3155 | U.S. Bank Trust National Association,<br>as Trustee of the Igloo Series IV Trust<br>c/o SN Servicing Corporation<br>323 Fifth Street<br>Eureka, CA 95501-0305 |
| William Gibbson Jr.<br>117 Jefferson St. N<br>Huntsville, AL 35801-4813 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 |
| Ruth Mercado<br>2020 Standford Dr.<br>Huntsville, AL 35801-5227 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER | (u)Nationastar mortgage LLC dba Mr Cooper | (u)U.S. Bank Trust National Association, as T |

End of Label Matrix
Mailable recipients    18
Bypassed recipients     3
Total                  21